IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN THOMAS PETTIFORD, 332918       *

      v.       *       CIVIL ACTION NO. RDB-09-3378

STATE OF MARYLAND, et al.       *
                                           ***

## MEMORANDUM OPINION

Petitioner John Thomas Pettiford ("Pettiford"), a state inmate incarcerated at the Western Correctional Institution, filed the instant *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his 2005 convictions in the Circuit Court for Prince George's County, Maryland. Respondents have filed a court-ordered Limited Response addressing the timeliness of the Petition (Paper No. 6), and Pettiford has filed his Reply. (Paper No. 7).[1] Upon review of the pleadings and exhibits, the Court finds no need for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For reasons that follow, the Court concludes that the Petition is time-barred, and it will be denied and dismissed by separate Order.

### I. Procedural History

Pettiford was tried and convicted in the Circuit Court for Prince George's County, Maryland of armed carjacking and related offenses. On January 6, 2006, he was sentenced to serve a cumulative 120 years in the Maryland Division of Correction. The Court of Special Appeals of Maryland affirmed the conviction on March 18, 2008, and Pettiford's application for

---

[1] By Order dated December 29, 2009, the Court granted Pettiford twenty (20) days to reply after service of Respondents' Limited Response. (*See* Paper No. 3). In that Order, Pettiford was informed that in accordance with *Hill v. Braxton*, 277 F. 3d 701 (4th Cir. 2002), he had the opportunity to explain why his § 2254 petition should not be dismissed as time-barred. (*See id.*)

writ of certiorari was denied by the Court of Appeals of Maryland on June 20, 2008.  Pettiford did not seek review in the U.S. Supreme Court and his convictions became final for purposes of direct review on September 18, 2008, when the ninety-day time period for seeking Supreme Court review expired.  According to the unrefuted record, to date, Pettiford has not initiated post-conviction proceedings in the Circuit Court for Prince George's County.

## II. Statute of Limitations

Since April 24, 1996, a one-year statute of limitations applies to state prisoners filing petitions for federal habeas relief in non-capital cases.  *See* 28 U.S.C. § 2244(d).[2]  This one-year period is tolled while properly filed post-conviction proceedings are pending.

---

[2]  This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented court have been discovered through the exercise of due diligence.
>
> (2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

### III. Analysis

Affording the Petition the most generous of filing dates, it will deemed as filed by Pettiford on December 14, 2009, the date on which it was signed and presumably deposited with prison authorities.[3] *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998)(holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

Pettiford's one-year limitations period under 28 U.S.C. § 2244(d) began to run on September 19, 2008. Pettiford did not file a post-conviction petition in the state court to toll the one-year period, which expired on September 19, 2009. This Petition was filed on December 14, 2009, almost two months after the expiration of the limitations period. Consequently, this habeas Petition was filed outside the statutory limitations period and is time-barred. The one-year time period may be equitably tolled. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."[4] *Id*. at 330. In this case, however, Petitioner has neither

---

limitation under this subsection.

[3] In an ideal world, the Petition's envelope would be stamped by the Western Correctional Institution personnel as "received by prison mailroom" on a certain date. The Maryland Division of Correction does not provide such a franked designation. The Petition was received by the Clerk on December 17, 2009. It bears a signature date of December 14, 2009, and shall be reviewed as filed on that date.

[4] On March 1, 2010, the Supreme Court heard argument as to whether equitable tolling applies to the one-year limitation period set out in § 2244(d) and, if so, what constitutes "extraordinary circumstances" under the equitable tolling doctrine. *See Holland v. Florida*, 539 F.3d 1334 (11th Cir. 2008), *cert. granted*, 130 S.Ct. 398 (09-5327) (2009).

asserted, nor do the pleadings suggest, any circumstances that justify equitable tolling. Accordingly, the Petition will be denied and dismissed with prejudice by separate Order.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Pettiford does not satisfy this standard, and the Court declines to issue a certificate of appealability.


Date:  April 6, 2010                                              /s/                         
                                                      RICHARD D. BENNETT
                                                      UNITED STATES DISTRICT JUDGE